# Jeremiah Burge *vs.* Burns and Snyder.

### *Appeal from Muscatine.*

An appeal lies although the decree was for less than $25. Where the answer, if true, is an insufficient defence, the proper course is to set the cause for

hearing on the bill and answer, which is tantamount to a demurrer in an action at law.

A writ of error, where a proper bond is filed, operates as a supersedeas on the judgment below. A writ of error is a writ of right, and lies from a judgment by confession.

The sueing out of an injunction, which operates as a release of errors in a judgment at law, does not so operate where it is designed to enjoin proceedings in *violation* of *law*.

This was a bill filed by Jeremiah Burge against Christopher Burns and Denton J. Snyder in the District Court of Muscatine, to enjoin execution on a judgment at law.

The complainant stated that Christopher Burns, at the June term 1841, obtained a judgment against him for $230 damages and $98,60 cost. That agreeably to the provisions of an act of the legislature he was entitled to a stay of the judgment for the space of six months, which he embraced by giving John Burge his security according to law, and which time expired on the 23d December, 1841. That on the 8th day of December, 1841, anterior to the stay of execution, he applied for and obtained a writ of error, executed his bond according to law and removed the judgment and all proceedings, to the Supreme Court. That afterward, to wit: on the 5th January, 1842, the said Burns sued out his execution on the judgment which was placed in the hands of Denton J. Snyder, sheriff of Muscatine county; and that a levy had been made, &c. Prayer for subpœna and injunction. The judge allowed the injunction and the bond for, was regularly executed.

The answer of Burns acknowledges the judgment in his favor, by the voluntary confession of Burge, and the execution of the bond for stay of execution; denied the ordering of execution on the judgment against Burge, but that he ordered execution against Jeremiah and John Burge, on their replevin bond, &c. Alledged that the judgment being by confession, Burge had no right to sue out a writ of error and denied notice of the writ, and that although the original judgment might be removed to the Supreme Court, not so as to the replevin bond which remained as he was advised in full force below.

A motion was made to dismiss the bill and dissolve the injunction, which was overruled.

There was a general demurrer to the answer, which was sustained, and at the December term 1842, proceedings were restrained under the execution, until the determination, by the Supreme Court, of the errors assigned; and a decree against Burns for the costs, taxed at $11,01

From which decree the defendant appealed to this court.

At the January term, 1843, of this court, the appellee, by Lowe his attorney, moved to dismiss the appeal because the decreee appealed from, was less than twenty-five dollars exclusive of costs.

PER CURIAM, MASON, CHIEF JUSTICE.—This was a motion to dismiss, on the ground that the decree appealed from was less than twenty-five dollars. One act passed in 1839, provides for such appeals only in cases where the decree appealed from is final and shall amount, exclusive of costs, to the sum of twenty-five dollars. [Laws of first session, page 378.] And the act passed the same year, provides for appeals in all cases. [Laws of Iowa, page 138.] This discrepancy between the two statutes is put to rest by the organic act, the ninth section of which provides, among other things, that " writs of error, bills of exceptions and appeals in chancery causes, shall be allowed *in all cases* from the final decisions of the said District Courts to the Supreme Court, under such regulations as may be required by law." Under this power to *regulate*, the legislature cannot *prohibit ;* the right of appeal from the District to the Supreme Court " in all cases " is sacred. Any act of the legislature restricting that right to a certain class of cases, is therefore invalid. The motion to dismiss will therefore be overruled.

WHICHER, for appellant.

LOWE, for appellee.

PER CURIAM, MASON, CHIEF JUSTICE.—The proceedings in the court below were not in accordance with the practice in chancery cases. Where the answer, if true, is an insufficient defence, the proper course is to set the cause for hearing on bill and answer, which is tantamount to a demurrer in an action at law.

But inasmuch as no objection seems to have been made to the course of proceeding below, we shall regard the case the same as though, instead of a demurrer to the answer, the equivalent measure had been adopted, and the cause been set for hearing on bill and answer. This is in substance, the case that was discussed and decided below and which has been brought up and argued here:

The question therefore, to be now considered, is whether the answer if true, presents such a case as to justify a dissolution of the injunction and a dismissal of the bill. That answer admits the obtaining of a judgment ; the stay of execution ; the sueing out of a writ of error before

37

the expiration of said stay and the filing of a bond for a supersedeas which was all that was then necessary to obtain such supersedeas.— See laws of 1839-40, page 113. It further admits that after said supersedeas had been obtained in manner aforesaid, the plaintiff in the case ordered an execution to be issued against the said complainant and his security in the stay bond, given in the case as above set forth.

For the defendant it is contended that the writ of error and super-sedeas should not have prevented the issuing of an execution on the stay bond. The statute declares that every writ of error (where a proper bond shall have been given) shall operate as a supersedeas upon the judgment. How then could an execution issue upon the stay bond; the very effect of which would be to carry the judgment into full effect?

But it is urged that the writ of error should not have had the effect of a supersedeas in this case.

1. Because the original judgment had been by confession. Neither the bill nor the answer shows this to have been the case.

2. Because the stay bond, being declared by statute, a judgment confessed, operated as a release of errors. The fact that a judgment is by confession, does not prevent the suing out of a writ of error, nor the operation of a supersedeas. There may have been substantial irregularities and errors in obtaining that very judgment by confession, for which this court will feel bound to reverse it. A writ of error is a writ of right and by complying with certain prerequisites, the law then in force entitled the plaintiff in error to a supersedeas. Where such a writ has issued in pursuance of law, it must not be disobeyed on the ground that there had been a judgment by confession, and that consequently the plaintiff in error could not succeed in reversing the judgment. If he proceeds with a groundless case, he must abide the consequences which the law affixes to the prosecution of a writ of error for mere delay, but the defendant in error must pursue his legal remedy and not disregard a supersedeas which is given without qualification by statute.

Finally it is urged that the very suing out of the injunction operated as a release of all errors in the judgment at law; such being the express declaration of the statute. See laws of 1838-9, page 352. That statute however, is not applicable to the present argument. It contemplates a case where the injunction is brought to enjoin proceedings *at law*, not those in violation of law.

In the present instance a supersedeas had issued to stay proceedings on the judgment below. The plaintiff in that judgment had however, disregarded this writ, and setting it at defiance, was proceeding to issue

his execution and levy upon the defendant's property. The injunction was issued, not to stay proceedings *at law*, but to stay proceedings *contrary to law*. Where a party is proceeding clearly in violation of law, no one can reasonably suppose that the very act by which those illegal proceedings are enjoined and restrained, sanctions and legalizes them. If such were the law, a party would only have to place a sham execution in the hands of the sheriff, and if the defendant therein should seek his remedy by an injunction, he would thereby legalize this outrageous act and cut himself off from all remedy ; a proposition so monstrous as to need no refutation. Now an execution issued after the taking effect of a regular supersedeas, is no more legal than though it had no judgment at all for its basis.

We think the court below therefore, decided correctly in sustaining the demurrer to the defendant's answer, and the decree thereupon must be affirmed.